# UNITED STATES DISTRICT COURT

## FOR THE

## EASTERN    DIVISION OF    MASSACHUSETTS

ROBERT PHILLIP BAKER, PRO SE

CIVIL ACTION NO.

PLAINTIFF **09 CA 11863 JLT**

V.

JUDGE RICHARD SAVIGNANO,

DEFENDANT

## PETITION FOR REMOVAL

## PARTIES

1.) THE PLAINTIFF, ROBERT PHILLIP BAKER RESIDES AT 59 INGELL
STREET, TAUNTON, MA. 02780 AND IS A CITIZEN OF THE UNITED
STATES.

2.) THE DEFENDANT, JUDGE RICHARD SAVIGNANO, IS A JUDGE OF THE
DISTRICT COURT IN ATTLEBORO, MA. 02703 LOCATED AT 88 MAIN
STREET, ATTLEBORO, MA 02703 AND IS A CITIZEN OF THE UNITED
STATES.

# JURISDICTION

3.) THE PETITIONER REQUESTS THIS PETITION FOR REMOVAL AND PETITION THIS COURT TO REMOVE THIS ACTION REGARDING M.G.L. 209A AN ABUSE PREVENTION ORDER (209A ORDER) PENDING IN ATTLEBORO, MA DISTRICT COURT DOCKET NO. 0934RO 037 AND HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. & 1441, *ET SEQ*; 28 U.S.C. & 1332; 28 U.S.C. & 1331; 28 U.S.C. &1738; 28 & 1367 EXERCISING THE COURTS AND/OR SUPPLEMENTAL AND ANCILLARY JURISDICTION TO ADOPT THE FOLLOWING;

4.) UNIFORM FRAUDULENT TRANSFERS ACT (UFTA) AS FEDERAL COMMON LAW ESPECIALLY WHEN DONE IN ANTICIPATION OF A DIVORCE AND ACROSS STATE BORDERS (MASSACHUSETTS TO FLORIDA AND KENTUCKY) AND THE MASSACHUSETTS UNIFORM FRAUDULENT CONVEYANCE ACT.

5.) THE PETITIONER ALSO BELIEVES THE DEFENDANT VIOLATED 18 U.S.C. & 228; 28 U.S.C. & 1443 AND 28 U.S.C. & 2283; 18 U.S.C. &SECT; 2261(A) (2); 18 U.S.C. &SECT; 2261A; 18 U.S.C. &SECT; 2262 ET AL;18 U.S.C. &SECT; 2264; 8 U.S.C. &SECT; 1154; 18 U.S.C. &SECT; 2265; 18 U.S.C. &SECT; 2263; 18 U.S.C. &SECT;10606

# COMPLAINT

6.) THE DEFENDANT'S MELISSA ANN STANLEY-BAKER, HER FATHER, DAVID STANLEY SECRETLY MADE AN EX-PARTE APPLICATION FOR A 209A ORDER ON JULY 26, 2009.

7.) IN THE SEVERAL DAYS PRIOR FOR THE APPLICATION FOR THE 209A ORDER SEVERAL ISSUES EMERGED REGARDING MS. BAKER'S CONDUCT.

8.) DURING THE MONTHS OF APRIL THROUGH AUGUST OF 2008 MS. BAKER WITH HER FATHERS APPROVAL ENGAGED IN AN ADULTEROUS RELATIONSHIP WITH A 74 YEAR OLD (MS. BAKER WAS THEN 38 YEARS OLD) TRAVELING SALESMAN, BURTON GROSSMAN, (A NAMED DEFENDANT IN A ONE OF THE PLEADINGS FILED IN THE PROBATE AND FAMILY COURT, JUDGE NESI,) FROM 14 SPRINKLER DRIVE, RADNOR, PA.

9.) MS. BAKER SEDUCED AND SOLICITED HIM WITH GREAT EFFORT IN THE LOBBY OF THE SUPER 8 MOTEL IN BROCKTON, MA. FOR THE PAYMENT TO HER OF $75.00 FROM GROSSMAN.

10.)   IT WAS SO DISTURBING TO MY SEVEN YEAR OLD DAUGHTER THAT SHE CALLED ME HYSTERICAL SAYING "THEY ARE ALL OVER EACH OTHER", ALL THREE MINOR CHILDREN WERE PRESENT.

11.)   MY DAUGHTER, NOAH ANNE, EVEN AT THE AGE OF 7 SAID TO GROSSMAN, "DON'T YOU KNOW MY MOTHER IS MARRIED?"

12.)     THE PLAINTIFF WAS ABLE TO DETERMINE THAT GROSSMAN WAS
MARRIED, HIS SECOND TIME, AND HAD A TOTAL OF SIX CHILDREN,
THREE OF THEM MINORS.

13.)     DURING THOSE MONTHS MS. BAKER WOULD DISAPPEAR WITH
GROSSMAN FOR DAYS AT A TIME, AND REFUSING ANY CONTACT.

14.)     DURING THOSE MONTHS THE ADULTERER'S SPOKE ON THE
PHONE PERHAPS 15 TIMES A DAY INCLUDING A PHONE EVERY NIGHT
AT 1: OO A.M. WHEN THEY WOULD ENGAGE IN PHONE SEX IN OUR
SMALL APARTMENT IN MY PRESENCE, AND IN THE PRESENCE OF MY
DAUGHTER NOAH ANNE.

15.)     MS. BAKER LEFT NOAH ANNE STRANDED AT SUMMER CAMP ON
THE LAST DAY OF CAMP AND NO MEANS TO GET HOME SO MS. BAKER
COULD GO TO LUNCH WITH GROSSMAN.

16.)     MS. BAKER ALLOWED GROSSMAN TO STALK OUR CHILDREN,
AND MYSELF, AND WHEN THE CHILDREN SAW HIM WATCHING THEM
THE KIDS WERE TERRIFIED.

17.)     MS. BAKER ENGAGED IN SEXUAL INTERCOURSE AND ORAL SEX
IN OUR HOME AND IN MY PRESENCE AND THE PRESENCE OF OUR
CHILDREN.

18.)     IN AUGUST 2008 MS. BAKER VOWED, AND REPEATED IT EVERY
DAY BETWEEN AUGUST AND JANUARY, THAT THE ADULTERY WAS
OVER.

19.)     THE DAY BEFORE MS. BAKER FILED FOR THE 209A ORDER,
JANUARY 25, 2009, THE PLAINTIFF DISCOVERED MS. BAKER NEVER
STOPPED THE ADULTERY, AND AT THE SAME TIME DISCOVERED SHE

HAD BEEN SOLICITING MEN ON THE INTERNET SINCE OCTOBER, 18,

2007 ON A WEB SITE KNOWN AS "TAGGED."

20.)    TWO DAYS BEFORE MS. BAKER FILED FOR THE 209A ORDER

THE PLAINTIFF DISCOVERED SHE HAD FRAUDULENTLY TOOK BETWEEN

$40,000.00 AND 50,000.00 IN STUDENT LOANS AND PELL

GRANTS.

21.)    THE PELL GRANTS ARE UNDER THE MANAGEMENT OF THE

UNITED STATES DEPARTMENT OF EDUCATION AND THE HERITAGE

FOUNDATION.

22.)    THE CRIMINAL PENALTY'S FOR WILLFUL FRAUD IS 5 YEARS.

23.)    THIS DOES NOT INCLUDE THE TEN'S OF THOUSANDS

FRAUDULENTLY TAKEN FROM THE COMMONWEALTH OF KENTUCKY,

ANOTHER SERIES FELONY'S EACH VIOLATION CARRIES A SENTENCE

OF FIVE (5) YEARS.

24.)    SHE ONLY WENT TO SCHOOL TAKING ONCE COURSE FOR ONE

SEMESTER AND THAT WAS ON ANOTHER GRANT.

25.)    THE PLAINTIFF ALSO DISCOVERED MS. BAKER HAD

$48,800.00 IN OUTSTANDING CREDIT CARD DEBT YEARS OLD OF

WHICH I KNEW NOTHING ABOUT.

26.)    MS BAKER WAS THE SUBJECT OF DISCUSSION BETWEEN HER

PSYCHIATRIST AND HER PRIMARY CARE PROVIDER REGARDING HER

PLACEMENT IN AN INSTITUTION.

27.)    THE MASSACHUSETTS DEPARTMENT OF MENTAL HEALTH

AGREED.

28.)    JUDGE SAVIGNANO KNEW OF ALL OF THE ABOVE.

29.) ON THE MORNING, JANUARY 26, 2009, MELISSA BAKER
SUBMITTED HER AFFIDAVIT UNDERLYING HER APPLICATION FOR THE
209A ORDER TO EXTEND THE 24 HOUR RESTRAINING ORDER SHE
RECEIVED EARLIER IN THE EVENING, AND LESS THAN THREE HOURS
BEFORE SHE STATED HER CAUSE TO JUDGE SAVIGNANO, MELISSA
BAKER CALLED THE NORTON POLICE DEPARTMENT.

30.) MS. BAKER CALLED THE POLICE AND REPORTED THAT I HAD
ENTERED OUR HOME IN VIOLATION OF THE 24 ORDER AND REPORTED
I HAD ENTERED OUR HOME AT AROUND 5:15 A.M. AND ENTERED THE
HOME AND TOOK ALL THE KEYS TO OUR VEHICLES.

31.) MELISSA BAKER DID NOT CALL THE POLICE UNTIL ALMOST
7:00 A.M.

32.) AS THE POLICE REPORT READS THE RESPONDING PATROLMAN
ASKED MELISSA BAKER WHY SHE WAITED SO LONG TO CALL (SEE THE
PLAINTIFF COURT FILINGS).

33.) MELISSA BAKER STATED "I'M NOT AFRAID OF HIM."

34.) THIS WAS ONLY A FEW AFTER THE 24 HOUR ORDER, AND A FEW
HOURS APPEARING IN THE ATTLEBORO DISTRICT COURT TO APPLY
FOR AN EXTENDED ORDER.

35.) IN HER AFFIDAVIT SHE TESTIFIED THAT I HAD THREATENED TO
"SLIT HER THROAT", THAT SHE WAS "I FEAR OF HER SAFETY AND
WELL-BEING."

36.) SHE MADE VAGUE REFERENCES TO SOME PHYSICAL
ALTERCATION SOME TIME IN THE PAST 10 YEARS AT AN UNSPECIFIED
LOCATION.

37.)    EACH OF HER AFFIDAVITS, PERHAPS A TOTAL OF 12 AT THIS
POINT, MY ALLEGED BEHAVIOR HAS BECOME MORE AND MORE
GRUESOME.

38.)    YET, I'VE NEITHER HAD ANY FORM OF CONTACT WITH HER,
DIRECTLY OR INDIRECTLY AND FAMILY COURT, SINCE JANUARY 25,
2009.

39.)    I HAVE NEVER PHYSICALLY ATTACKED ANY PERSON, NOR HAVE I
EVER BEEN ACCUSED OF DOING SO EVEN FAINTLY IN MY NEARLY 59
YEARS.

40.)    THE EXHIBITS FROM THE DOCKET, RECORD OF MY FILINGS IN
THE ATTLEBORO COURT, AND THE FILINGS IN MY POSSESSION, THE
POSSESSION OF MS. BAKER, AND HER ATTORNEY, VAL RIBEIRO (A
DEFENDANT IN ANOTHER LAWSUIT IN THIS COURT) PROVE BEYOND
ANY DOUBT WHATSOEVER THAT EACH AND EVERY ALLEGATION MADE
BY MELISSA BAKER WAS A FRAUD.

41.)    SHE HAD NOT A SINGLE DOCUMENT, NOR A SINGLE WITNESS,
OR A SINGLE PIECE OF ANY EVIDENCE, THAT I HAD EVER THREATENED
OR PHYSICALLY ASSAULTED HER OR MY KIDS.

42.)    I POSSESSED ABOUT 100 EXHIBITS, AND 27 WITNESSES TO
TESTIFY ON MY BEHALF.

43.)    JUDGE SAVIGNANO ALSO KNEW THIS AS WILL ALSO BEE SEEN
FROM MY FILINGS.

44.)    JUDGE SAVIGNANO PROVIDED MELISSA BAKER AN ENTIRE YEAR
OF NO CONTACT WHATSOEVER WITH MY CHILDREN INSTANTLY
DENYING ME ALL PARENTAL RIGHTS.

45.) THE RIGHT TO BE A FATHER IS LEGISLATED IN ALL 50 STATES; THERE EXISTS NO AUTHORITY, CASE LAW; OR EVEN JUDICIAL COMMENTARY THAT RECOGNIZES THE SEVER FLAWS IN THESE 209A ORDER'S.

46.) THE PLAINTIFF RECOGNIZES, REMEMBERS THE DAYS, AND AGREES THAT PRIMARILY MEN PHYSICALLY ASSAULTING WOMEN AT BEST RECEIVED INDIFFERENCE FROM LAW ENFORCEMENT AND THE COURTS.

47.) PERHAPS IF THIS DEFENDANT FOLLOWED THE REQUIREMENTS OF WHICH HE IS BOUND TO REGARDING THE 209A ET AL STATUTE;

48.) PERHAPS IF THIS DEFENDANT DID NOT AVIDLY VIOLATE NEARLY EVERY CONSTITUTIONAL RIGHT PROVIDED ME; MY FIRST AMENDMENT RIGHTS TO LIBERTY AND FREE SPEECH; BY RIGHT TO ACCESS TO THE COURT'S; THE RIGHT TO DEFEND MYSELF; THE RIGHT TO CONFRONT MY ACCUSERS; THE RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS;

49.) PERHAPS IF THIS DEFENDANT DID NOT CONSPIRE WITH THE PROBATE AND FAMILY COURT JUDGE NESI, ALSO A DEFENDANT IN ANOTHER LAWSUIT IN THIS COURT, TO KNOWINGLY, PURPOSELY, WILLFULLY, WITH MALICE AFORETHOUGHT CRIMINALLY VIOLATE THE LAW, THE U.S. AND THE COMMONWEALTH'S CONSTITUTIONS, AND ALL CASE LAW AUTHORITY IN EXISTENCE;

50.) PERHAPS I WOULD HAVE SEEN AND HAD CONTACT OF WHICH I HAVE HAD NONE WHATSOEVER SINCE JANUARY 25, 2009.

51.)   MELISSA BAKER IN A PRIOR MARRIAGE HAS A SORDID HISTORY OF COCAINE ABUSE; ALCOHOLISM; ADULTERY; AND MOST VITALLY A LONG HISTORY OF FABRICATING FALSE ALLEGATIONS OF DOMESTIC TO HAVE  SOLE CUSTODY OF THE MINOR CHILDREN OF THAT MARRIAGE.

52.)   ONE VERY SALIENT ALLEGATION OF DOMESTIC VIOLENCE MADE BY MELISSA BAKER AGAINST HER THEN HUSBAND WAS THAT SHE TOLD LAW ENFORCEMENT AUTHORITIES IN BOCA RATON, FL IN 1999 THAT HER HUSBAND HAD PUNCHED HER IN THE EYE.

53.)   IT WAS FOUND BY THAT FAMILY COURT, THE 15TH JUDICIAL OF THE STATE OF FLORIDA, WEST PALM BEACH, FL. CASE NO. 99-4338-FA (THE PLAINTIFF HAS A COPY OF A 34 PAGE FINAL ORDER ON CUSTODY AND VISITATION ) THAT RATHER THAN HER HUSBAND PUNCHING HER IN THE EYE, MELISSA BAKER ADMITTED AT TRIAL THAT SHE HAD PUNCHED HERSELF IN THE EYE MORE THAN 20 TIMES.

54.)   MELISSA BAKER TOOK PICTURES OF THE GRUESOME DAMAGE AND SHOWED THEM TO HER FOUR-YEAR-OLD DAUGHTER AND TOLD HER OVER AND OVER AGAIN THAT "DADDY HAD DONE THAT TO MOMMY."

55.)   JUDGE SAVIGNANO KNOWS FIRST-HAND, AS DOES JUDGE NESI, MELISSA BAKER IS DIAGNOSED "MENTALLY INCAPACITATED" BY THE COMMONWEALTH OF KENTUCKY; THE COMMONWEALTH OF MASSACHUSETTS AND THE SOCIAL SECURITY ADMINISTRATION .

56.)   THE SPECIFIC DEFINITION (ANOTHER EXHIBIT ALONG WITH THE LETTER INFORMING HER OF THE RESULTS OF THEIR MENTAL HEALTH

TESTING) STATES THAT MELISSA BAKER IS COMPLETELY INCAPABLE

OF PROVIDING CARE FOR HER CHILDREN.

57.)     NOT ONLY HAVE I BEEN HER SOLE CARE PROVIDER FOR THE

PAST TEN YEARS, BY DEFAULT I HAVE HAD THE PLEASURE OF BEING

THE SOLE CARE PROVIDER OF MY THREE CHILDREN SINCE EACH OF

THEIR RESPECTIVE BIRTHS.

58.)     MELISSA BAKER HAS NUMEROUS COMPLAINTS MADE AGAINST

HER OF NEGLECT AND ABUSE WITH THE COMMONWEALTH'S

DSS/DCF.

59.)     MELISSA BAKER IS DIAGNOSED AS SCHIZOID-AFFECTIVE, A

COMBINATION OF SCHIZOPHRENIA AND OTHER PERSONALITY

DISORDERS.

60.)     THERE EXISTS NO CURE FOR THIS DIAGNOSIS.

61.)     MELISSA BAKER IS DIAGNOSED AS BIPOLAR I CHARACTERIZED

BY FOUR TO SIX MONTH ACUTE MANIC EPISODES, AND FLUX MOOD

DISORDER.

62.)     THE COURT IN FLORIDA FOUND AS FACT THAT MELISSA BAKER

WAS MORALLY AND ETHICALLY UNFIT TO PARENT, AND ALL PARENTAL

RIGHTS WERE TAKEN FROM HER. THIS TRIAL LASTED THREE DAYS AND

NOT ONLY DID APPROXIMATELY 10 PSYCHIATRISTS TESTIFY AGAINST

HER, SO DID HER MOTHER, HER FATHER, HER GRANDMOTHER AND A

SINGLE ACQUAINTANCE.

63.)     MELISSA BAKER WAS ALLOWED SUPERVISED VISITATION,

WHICH HER HUSBAND PAYING THE PSYCHIATRIST SUPERVISING.

HOWEVER, AFTER A PERIOD OF MONTHS SUPERVISED VISITATION WAS

ENDED BY THE PSYCHIATRIST, DR. SUSAN HESSION, BECAUSE SHE COULD NOT CONTROL MELISSA BAKER'S RELENTLESS DENIGRATION OF THE CHILDREN'S FATHER TO THOSE LITTLE KIDS, AGE TWO AND FIVE.

64.)   THE INCREDIBLE NEGLECT BY MELISSA BAKER, OF THE OLDER CHILD, SARAH, CAUSED A VERY REAL SUICIDE ATTEMPT AND SARAH DID NEARLY DIE.

65.)   AS WITH THIS 209A ORDER MELISSA BAKER HAS NO SINGLE WITNESS TO BRING FORTH WHO CAN REPORT ANY THREATS OR PHYSICAL ABUSE REGARDING ME.

66.)   MELISSA BAKER HAS NEVER LIVED ALONE.

67.)   MELISSA BAKER HAS NEVER TAKEN CARE OF, CLEAN OR EVEN ABLE TO ORGANIZE A HOME IN HER ENTIRE ADULT LIFE.

68.)   MELISSA BAKER HAS NEVER CARED FOR CHILDREN BY HERSELF.

69.)   MELISSA BAKER, DESPITE A CNA LICENSE SINCE 2007 IN BOTH KENTUCKY AND MASSACHUSETTS, SHE REFUSES TO WORK AT ALL.

70.)   MELISSA BAKER IS NOW 40 YEARS OLD AND NEVER WORKED IN HER ENTIRE ADULT LIFE.

71.)   MELISSA BAKER HAS COMMITTED TWO FRAUDS INDIVIDUALLY AGAINST FEMA (NOW A PART OF HOMELAND SECURITY) WHICH HAS A MANDATORY SENTENCE OF UP TO TWENTY YEARS.

72.)   IN KENTUCKY SO THAT SHE COULD RECEIVE PUBLIC ASSISTANCE SHE, HER FATHER AND STEP-MOTHER, BOTH ALSO THIRD

PARTY DEFENDANTS IN THIS COURT, CLAIMED SHE WAS A VICTIM OF HURRICANE WILMA.

73.) MELISSA BAKER WAS MARRIED TO A VERY WEALTHY MAN IN HER PRIOR MARRIAGE. THEY WERE MARRIED THREE YEARS. THE HUSBAND PROVIDED HER TWO LIVE-IN STAFF.

74.) THEIR HOME IN BOCA RATON WAS 8,000 SQUARE FEET AND THE FURNISHINGS NOT INCLUDING JEWELRY OR CLOTHING ETC WAS INSURED FOR $1,200,000.00.

75.) THIS IS WHAT MELISSA BAKER, AND DAVID AND MARRY STANLEY DECIDED THEY COULD SELL WHILE ENGAGED IN A DIVORCE PROCEEDING WITH IMPUNITY.

76.) WHY, BECAUSE MELISSA BAKER AND HER FATHER CONVINCED THE PROBATION DEPARTMENT THAT I HAD VIOLATED THE 209A ORDER THREE TIMES.

77.) EACH VIOLATION CARRIED THREE CONSECUTIVE TWO AND A HALF SENTENCES.

78.) AFTER SPENDING THREE MONTHS IN JAIL ALL THOSE CHARGES WERE DISMISSED, EVEN THOUGH MELISSA BAKER BY AFFIDAVIT, HER ATTORNEY IN NUMEROUS FILINGS IN VARIOUS COURT'S, VAL RIBEIRO, AND JUDGE NESI (IN HIS DIVORCE NESI ORDERS) ALL ASSERT CONTINUOUSLY THAT I SPENT THIS TIME IN JAIL AS A RESULT OF CONVICTIONS.

79.) THEY ALL KNOW FIRST HAND THIS IS NOT SIMPLY BLATANT LIES, BUT THE CONSEQUENCES OF AN OPEN RESTRAINING ORDER, OR

EVEN THAT I WAS EVER SUBJECT TO ONE DENIES ME MANY RIGHTS ACCORDED TO NORMAL PEOPLE.

80.)     I WOULD NOT EVEN BE ALLOWED IN MY CHILDREN'S SCHOOL, OR GO TO CUB SCOUTS WITH MY SON.

81.)     MELISSA BAKER OWES CHILD SUPPORT FROM HER FIRST MARRIAGE ORDERED IN 2002. SHE HAS NEVER PAID IT VOLUNTARILY, ONLY WHEN SHE SOLD HER HOME IN BOCA RATON FOR $1,600,000.00 DID THE STATE TAKE A BACK DUE AMOUNT OF APPROXIMATELY $17,000.00.

82.)     DESPITE A TOTAL OF $5,400,000.00 IN CASH RECEIVED BY MELISSA BAKER SUBSEQUENT TO THE COURT ORDERED CHILD SUPPORT, SHE NEVER PAID ANYTHING.

83.)     MELISSA BAKER OWNED ANOTHER 8,000 SQUARE FOOT HOUSE LOCATED ON THE OCEAN IN KENNEBUNKPORT, MAINE.

84.)     SHE SOLD THAT HOUSE FOR $2,600,000.00

85.)     DURING THE DIVORCE PROCEEDINGS FOR THREE YEARS SHE WAS PAID TEMPORARY SUPPORT OF $21,800.00 PER MONTH, NONE OF IT TAXABLE.

86.)     THAT IS ANOTHER $784,000.00

87.)     SHE SPENT EVERYTHING.

88.)     HER HUSBAND WAS ORDERED DURING THIS TIME TO PAY FOR ALL THE MAINTENANCE AND REPAIRS AND IMPROVEMENTS OF EVERY KIND AND TYPE ON BOTH HOUSES. THE HOME OWNERS INSURANCE AND PROPERTY TAXES ON THE HOUSES AMOUNTED TO MORE THAN $80,000.00 PER YEAR.

89.)    THE PROPERTY IN THE HOUSE IN KENNEBUNKPORT WAS
INSURED FOR $750,000.00.

90.)    ADD THAT TO THE TOTAL OF PROPERTY MELISSA BAKER, DAVID
STANLEY, AND MARY STANLEY SOLD BELIEVING I WOULD NEVER BE
AROUND TO DO ANYTHING ABOUT IT.

91.)    THIS WAS THE SAME HOUSE SHE TOLD HER CASE WORKER IN
KENTUCKY AT THE CABINET FOR CHILDREN AND FAMILIES THAT IT
HAD BEEN DESTROYED BY HURRICANE WILMA.

92.)    SUBSEQUENT TO THE ORDER FOR CHILD SUPPORT MELISSA
BAKER RECEIVED A PROPERTY SETTLEMENT TOTALLY IN CASH AND
EQUIVALENTS, AND PAYMENTS IN KIND OF MORE THAN
$11,400,000.00. THE FEDERAL INCOME RATE AT THAT TIME WAS
APPROXIMATELY 39%.

93.)    THE INCOME DUE IS $4,446,000.00. MELISSA BAKER HAS
FILED A SINGLE TAX RETURN, IN 2007. THE INTEREST RATE PER YEAR
IS 20%, WITHOUT PENALTIES, FOR INTENTIONAL NON-FILING.

94.)    THE INTERNAL REVENUE SERVICE PUNISHMENT FOR WILL FULL
ORDINARY INCOME TAX AVOIDANCE, AND FAILURE TO FILE IS UP TO
TWENTY YEARS IN PRISON.

95.)    FLORIDA'S SENTENCING GUIDE LINES FOR INTENTIONAL
AVOIDANCE OF CHILD SUPPORT (ANOTHER EXHIBIT) IS FIVE (5) YEARS.

96.)    I PERSONALLY LITIGATED THE BIFURCATED FINANCE TRIAL.

97.)    THAT AMOUNT OF MONEY FOR A THREE YEAR MARRIAGE FOR
SOMEONE WHO WAS TREATED LIKE ROYALTY WAS UNHEARD OF.

98.)    THE SPENDING ON HER PART WAS LIKE A RAMPAGE.

99.)   THE SINGLE TAX RETURN MELISSA BAKER FILED WITH THE
INSTRUCTION OF HER FATHER DAVID STANLEY WAS ANOTHER FRAUD.

100.)   NOT ONLY DID SHE FORGE MY NAME, SHE TOOK A FRAUDULENT
DEDUCTION OF $16,500.00 CLAIMING WE WERE VICTIMS OF
HURRICANE KATRINA.

101.)   THE PENALTY FOR A FRAUDULENT RETURN ON ORDINARY
INCOME IS UP TO TWENTY YEARS.

102.)   MELISSA BAKER HAS DEFRAUDED THE SOCIAL SECURITY
ADMINISTRATION BY OVER REPORTING EXPENSES AND UNDER
REPORTING EARNED AND UNEARNED INCOME SINCE 2006.

103.)   HER PAYMENT REGARDING THE SSI SHE RECEIVES WOULD BE
NEXT TO NOTHING, AS IN OPPOSITION TO $674.00 PER MONTH FOR
NEARLY FOUR YEARS IS $28,308.00.

104.)   THE CRIMINAL PENALTY FOR INTENTIONAL FRAUD IS BETWEEN
FIVE AND TEN YEARS.

105.)   JUDGE SAVIGNANO, LIKE JUDGE NESI, KNEW ALL OF THIS
INFORMATION.

106.)   JUDGE NESI WAS TOLD OF THE AUTOMOBILES TAKEN, AND
PROPERTY SOLD, AND ALL THE EXPENSES AND LOSS OF WAGES, AND
FRAUDULENT AFFIDAVITS AS DID JUDGE SAVIGNANO.

107.)   THERE WAS NOT EVEN AN OPPORTUNITY TO DISCUSS THE
DEBTS RESULTING FROM THE MARRIAGE, AND I AM ONLY ABLE TO
ACCOUNT FOR APPROXIMATELY $80,000.00 MELISSA BAKER
ABDICATED.

108.)     I DO NOT KNOW IF I WILL BE ASSESSED ALL THE ABOVE
FRAUDS.

109.)     MELISSA BAKER HAS DEFRAUDED THE PUBLIC ASSISTANCE
AGENCY'S OF KENTUCKY, FLORIDA, AND MASSACHUSETTS OF TEN'S
OF THOUSANDS OF EARNED AND UNEARNED INCOME, AND
IRONICALLY AFTER STEALING TWO VEHICLES SHE CALLS "MY OWN",
SHE DENIED FOR TWO YEARS IN MASSACHUSETTS OWNING ANY
VEHICLE.

110.)     MELISSA BAKER DID THE SAME REGARDING HER BANK
ACCOUNTS AND OTHER DEPOSITORIES.

111.)     SHE HAS CONTINUOUSLY DENIED HAVING ANY BANK ACCOUNT
OR DEPOSITORY.

112.)     THE FEDERAL GOVERNMENT FUNDS A LARGE PORTION OF HER
MEDICAID/MEDICARE WHICH COSTS MANY THOUSANDS PER YEAR,
ALONG WITH HER CASH PAYMENTS AND FOOD STAMPS, AND FREE
PRIVATE SCHOOLING FOR THE CHILDREN, AND FREE SUMMER CAMPS.

113.)     JUDGE SAVIGNANO KNEW THAT MELISSA BAKER WAS NOT
SIMPLY UNFIT AS A MOTHER, HE KNEW SHE REPRESENTED A CLEAR
AND PRESENT DANGER TO THESE BABIES IF MINE, JUST AS HAPPENED
IN MELISSA BAKER'S FIRST MARRIAGE.

114.)     ONLY IN FLORIDA HER HUSBAND AT THE TIME HAD THE FUNDS
TO DEFEND HIMSELF.

115.)     HE HAD TO BORROW $10,000,000.00 TO FUND THAT
DIVORCE AS A RESULT OF MELISSA BAKER'S CONDUCT.

116.)    UNLIKE MELISSA BAKER I HAVE FILED POLICE REPORTS OF HER PHYSICAL AGAINST ME.

117.)    I HAVE REPORTED IT TO BOTH OF MY THERAPISTS.

118.)    IN 1999 MELISSA BAKER BROKE TWO OF RIBS AND DISLOCATED MY RIGHT SHOULDER WHILE IN NEWBURYPORT, MA. I WAS TREATED AT THE ANNA JACQUES HOSPITAL.

119.)    MELISSA BAKER PHYSICALLY ASSAULTED ME IN 2004 IN BOCA RATON, FL., WAS ARRESTED AND PUT IN JAIL.

120.)    IN JANUARY 2009 I FILED TWO DIFFERENT PHYSICAL ATTACKS, ALONG WITH HER THEFT OF $3885.00 FROM MY BANK ACCOUNT AT BANK OF AMERICA.

121.)    AGAIN, JUDGE SAVIGNANO KNEW ALL THE ABOVE.

122.)    MELISSA BAKER HAS ASSAULTED ME NUMEROUS TIMES;

123.)    MELISSA BAKER HAS FRAUDULENTLY CONVEYED ALL THE MARITAL PROPERTY, MUCH OF IT PRE-EXISTING OUR MARRIAGE, AND 5 GENERATIONS OF HEIRLOOMS AND IRREPLACEABLE.

124.)    MELISSA BAKER TOOK BOTH VEHICLES, ONE WITH A WHOLESALE VALUE OF $4,800.00, AND THE OTHER SHE AND HER FATHER SOLD FOR $14,000.00.

125.)    JUDGE SAVIGNANO ASSERTED AS IS SHOWN ON THE ATTLEBORO DISTRICT COURT DOCKET THAT THE 209A ORDER IS NOT APPEALABLE AND DISREGARDED THE APPEAL I FILED.

126.)    AFTER BEING SHUNTED BACK AND FORTH WITHIN THE ATTLEBORO COURTHOUSE FILNG MOTION AFTER MOTION AND NEVER BEING ALLOWED TO BE HEARD, AND AFTER ENORMOUS EFFORT IN

FINAL PREPARATION TO RETROACTIVELY VACATE AND EXPUNGE THE
ORDER, ANOTHER JUDGE INFORMS ME THAT JUDGE SAVIGNANO
REFUSES TO HEAR MY MOTIONS, OR MY AFFIDAVITS.

127.)    I HAVE NEVER BEEN ALLOWED TO DEFEND MYSELF, AND NEVER
BEEN ALLOWED TO CROSS-EXAMINE THE PLAINTIFF'S, MELISSA
BAKER, AND DAVID STANLEY AS IS PROVIDED BY STATUTE.

128.)    THERE EXISTS NO AUTHORITY THAT DENIES EITHER OR BOTH OF
THESE STATUTORY AND CONSTITUTIONAL RIGHTS PURSUANT ONCE
AGAIN TO THE FIRST, THE FOURTH, THE SIXTH, THE SEVENTH, THE
NINTH AND THE FOURTEENTH AMENDMENTS.

129.)    JUDGE SAVIGNANO IS ABSENT THE AUTHORITY TO REFUSE TO
ALLOW ME TO DEFEND MYSELF, AND THERE EXISTS NO PRECEDENT
FOR SUCH AN ACTION.

130.)    A TRIAL LEVEL JUDGE LACKS THE AUTHORITY THAT WHICH
BOTH MASSACHUSETTS AND THE FEDERAL GOVERNMENT HAVE
LEGISLATED, AS DID JUDGE SAVIGNANO COHORT IN CRIME ALSO HAS
DONE.

131.)    THIS ACTION IS AT THE LEAST A KNOWING, PURPOSEFUL,
WILLFUL, AND MALEVOLENT OBSTRUCTION OF JUSTICE.

132.)    MY CONSTITUTIONAL RIGHTS TO BE A PARENT ARE AN EXHIBIT
TO THIS ACTION, AND NUMEROUS FROM A SINGLE AUTHORITY: THE
UNITED STATES SUPREME COURT.

133.)    THE DAMAGES I AM SEEKING FOR LOSS OF CONSORTIUM
ALONE IS $1,000,000.00 AND I AM SEEKING ANY ADDITIONAL
DAMAGES AS A RESULT OF JUDGE SAVIGNANO'S KNOWLEDGE AND

CONSPIRACY WITH THE INTERSTATE FRAUDULENT TRANSFER OF
PROPERTY STRICTLY DEFINED AND MANDATORY ACCORDING TO
M.G.L. CHAPTER 208, SECTION 34, AS I AM SEEKING THE SAME
FROM JUDGE NESI; MELISSA BAKER; DAVID STANLEY; MARY
STANLEY, VAL C. RIBEIRO, AND HER EMPLOYER, THE NEW CENTER
FOR LEGAL ADVOCACY;

134.)   THE MALICIOUS ABUSE OF LEGAL PROCESS; THE SLANDER,
LIBEL AND DEFAMATION OF THE VERY NATURE I AM SEEKING ANOTHER
$500,000.00, INCLUDING THE ORIGINAL FABRICATED 209A OR,
AND ITS CONTINUATION AND COLLATERAL CONSEQUENCES.

135.)   THE FALSE IMPRISONMENT, IT BEING PLANNED AND INCREDIBLY
MALICIOUS, SINISTER AND DIABOLICAL BETWEEN ALL THE PARTIES TO
BE JOINED BY SUBSEQUENT AND SEPARATE MOTION, AND THE
RESULTS AND CONSEQUENCES TO ME I CLAIM DAMAGES OF ANOTHER
$500,000.00.

136.)   THE TOTAL SO FAR I HAVE BEEN ABLE TO CALCULATE OF THE
PROPERTY FRAUDULENTLY TRANSFERRED AND CONVEYED IS $1,
274,000.00.

137.)   I FURTHER REQUEST AS RELIEF THAT THIS COURT SIMPLY
VACATE THE 209A ORDER UNDER FEDERAL LEGISLATURE AS BEING A
NULLITY.

138.)   THE EXCULPATORY EVIDENCE IS IRREFUTABLE. IT STANDS
ALONE.

139.)   THE PLAINTIFF THROUGH SEPARATE MOTIONS AND SUMMONS
WILL REQUEST MELISSA BAKER BE HALED BACK TO MASSACHUSETTS

AND FACE THE CONSEQUENCES OF THIS COURT, AND THE UNITED
STATES ATTORNEY'S OFFICE.

140.)    THERE NEED NOT BE ANY CUSTODY HEARING AS MELISSA
BAKER IS ABSOLUTELY AND COMPLETELY ELIMINATED FROM
CUSTODY AS A RESULT OF HER CRIMES; AS A RESULT OF HER FRAUDS
UPON THE COURT; AND AS A RESULT OF HER MENTAL HEALTH
CONDITION.

141.)    MELISSA BAKER; DAVID STANLEY; MARRY STANLEY; VAL C.
RIBEIRO; JUDGE NESI AND JUDGE SAVIGNANO CAN BY ORDER OF THIS
COURT, OR BY THEIR RESPECTIVE CAPACITY TO PAY, CAN DIVIDE THEIR
PORTION TO PAY, WAGES TO GARNISH, AND WHAT EVER OTHER
INCOME AND ASSETS THEY EACH POSSESS.

142.)    DAVID AND MARY STANLEY HAVE A NET WORTH OF
APPROXIMATELY $2,000,000.00.

143.)    THE PARTIES HAVE ABDICATED TO LITIGATE OR ARGUE THE
VALUE OF WHAT AS BEEN TAKEN FROM ME.

144.)    THEIR COLLECTIVE CONSPIRACY IN THE KIDNAPPING, AND
REMOVAL OF THE MINOR CHILDREN FROM THE COMMONWEALTH
ABSENT A COURT ORDER, IS LEGISLATED BY M.G.L. 208 SECTIONS
19; 28; 31 ET AL

145.)    I SEEK AS RELIEF BY SEPARATE MOTION THE FUNDS PAID IN THE
FORM OF INJUNCTIVE RELIEF, OR PRE-JUDGMENT REMEDY, OF A
MINIMUM OF $100,000.00 TO PROVIDE FOR MY ABILITY TO RETRIEVE
MY CHILDREN AND PROVIDE A SUITABLE BUT MODEST HOME FOR
THEM IN MASSACHUSETTS.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE RULE 11.

A.) THE PETITIONER IS ACTING PRO SE, HIS ADDRESS IS 59 INGELL
STREET, TAUNTON, MA 02780. HIS PHONE NUMBER IS 508-840-
3329

B.) EACH AND EVERY REPRESENTATION MADE IN THIS ACTION, AND
EVERY ONE OF THE RELATED ACTIONS, IS TO THE BEST OF THE
PETITIONER'S KNOWLEDGE, INFORMATION AND BELIEF FORMED
AFTER MORE THAN REASONABLE INQUIRY, AND IS NOT IMPROPER
IN PURPOSE, MADE FOR THE PURPOSE OF HARASSMENT, DELAY
AND WILL DECREASE THE COST OF LITIGATION.

C.) THE PETITIONER'S CLAIMS AND LEGAL CONTENTIONS ARE
WARRANTED BY EXISTING LAW, NOR IS THERE FRIVOLOUS
ARGUMENT FOR EXTENDING, MODIFYING OR REVERSING EXISTING
LAW OR ESTABLISHING NEW LAW.

D.) ALL THE FACTUAL CONTENTIONS HAVE EVIDENTIARY SUPPORT TO
THE BEST OF THE PETITIONER'S KNOWLEDGE AND MADE AFTER
EXTENSIVE AND LENGTHILY INVESTIGATION.

THE ABOVE COMPLAINT AND PETITION, AND ALL THE OTHER RELATED
COMPLAINTS AND PETITIONERS FOR REMOVAL, AND THOSE RELATED
ORIGINAL ACTIONS FILED IN THIS COURT WILL BE DELIVERED TO EACH
PARTY OR THEIR ATTORNEY, IF KNOWN, AS PROSCRIBED AND DEFINED
BY THE FEDERAL RULES OF CIVIL PROCEDURE AND LOCAL RULES AS

I, ROBERT PHILLIP BAKER, PRO SE, THE PLAINTIFF IN THIS MATTER
SWEARS UNDER THE PENALTY OF PERJURY THAT ALL OF THE ABOVE AND
FOREGOING IS TRUE AND ACCURATE AND KNOWN TO ME AS FACT.

I, ROBERT PHILLIP BAKER, HEREBY SWEAR THAT EACH AND EVERY ONE
OF THESE RELATED ACTIONS ARE TRUE AND ACCURATE AND KNOWN TO
ME FIRST-HAND.

I, ROBERT PHILLIP BAKER, DO HEREBY SWEAR UNDER THE PENALTY OF
PERJURY THAT EACH AND EVERY NOTICE OF REMOVAL, AND ORIGINAL
LAWSUIT HAS BEEN DELIVERED PURSUANT TO THE FEDERAL RULES OF
CIVIL PROCEDURE, THAT BEING SUMMONS BY THE RESPECTIVE LAW
ENFORCEMENT AGENCIES.

*Robert Phillip Baker, Pro Se*

ROBERT PHILLIP BAKER

59 INGELL STREET

TAUNTON, MA. 02780

508-840-3329